Filed 5/3/16  P. v. Hernandez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

<table>
<tr><td>THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MIGUEL ANGEL HERNANDEZ,<br><br>    Defendant and Appellant.</td><td>E063864<br><br>(Super.Ct.No. FSB1304710)<br><br>OPINION</td></tr>
</table>

APPEAL from the Superior Court of San Bernardino County.  Elia V. Pirozzi, Judge.  Affirmed.

David Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor, and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

1

Miguel Angel Hernandez, appeals from a judgment imposing a two-year term in state prison following the revocation of probation on his conviction for driving under the influence of alcohol or drugs and causing injury.  (Veh. Code, § 23153, subd. (a).)  Hernandez contends the trial court erred by allowing testimony at the revocation hearing regarding statements he made to his probation officer while in custody before the hearing without benefit of counsel.  We conclude that even assuming the Sixth Amendment right to have counsel present during questioning applies in connection with probation revocation proceedings, any error was harmless beyond a reasonable doubt and therefore affirm.

# I

## BACKGROUND

On January 30, 2014, Hernandez entered a negotiated guilty plea to one count of driving under the influence of alcohol or drugs causing injury with two or more convictions for driving under the influence.  (Veh. Code, § 23153, subd. (a), count 1.) In exchange, the prosecution dismissed four other counts and several enhancement allegations.[1]

On March 3, 2014, the trial court imposed three years of formal probation.  As conditions of probation, the trial court ordered, inter alia, that Hernandez:  (1) "[r]eport to the [p]rob[ation] officer in person immediately upon release from custody and thereafter

---

[1]    The dismissed counts charged felony violations of Vehicle Code sections 23153, subdivision (b), 23153, subdivision (a), and 20001, subdivision (a).

once every fourteen (14) days or as directed" (condition 3); (2) "[c]ooperate with the probation officer in a plan of rehabilitation" (condition 4); (3) "[k]eep the probation officer informed of [his] place of residence and cohabitants" (condition 7); and (4) "[r]egister for an SB-38 alcohol rehabilitation program and submit proof of enrollment" to the probation officer by April 3, 2014 (condition 29).

Miguel Pares became Hernandez's probation officer in March 2014. Hernandez reported to the probation office on March 4, the day after his sentencing. The next day, Maria Mellado, an office assistant for the probation department, testified she received a change of address form from Hernandez, ensured the address on file was correct, and provided the form to Pares.[2] Pares called Hernandez by telephone on March 27 and left a message, but Hernandez never returned the call. On August 27, 2014, Pares visited the address Hernandez had provided, and discovered an empty lot at the location. According to Pares, "I looked at the building that was before, and I went across the street and looked at that building and those numbers. That building number would have fallen in between those two numbers for the west address. So it was an empty lot." Pares also consulted with law enforcement officers who were conducting a separate investigation at a nearby house to see whether they knew Hernandez. They said they did not. On September 12, 2014, Pares again visited the address Hernandez had provided to confirm there was no

---

[2] According to Mellado, though the form submitted was designated a change of address form, she found the address on the form matched the address already on file.

residence at the location. Pares also discovered Hernandez had never provided proof he had enrolled in an SB-38 alcohol rehabilitation program.

On September 12, 2014, Pares filed a petition to revoke Hernandez's probation for violating conditions of his probation. On September 30, 2014, the trial court revoked Hernandez's probation and issued a bench warrant for his arrest. Hernandez was arrested and arraigned on January 20, 2015.

On February 18, 2015, while Hernandez was incarcerated and awaiting a hearing on the revocation of his probation, Pares contacted him by telephone and questioned him. Pares testified at the hearing that Hernandez gave the same false home address and admitted he had not enrolled in an alcohol rehabilitation program. According to Pares, Hernandez claimed "he didn't have enough money, and he needed help enrolling in the class." Pares also testified Hernandez admitted he had been cited and released for disorderly conduct and that he had been drinking, which violated a separate condition of his probation. Hernandez's counsel objected to the admission of all the statements Hernandez gave Pares on the ground, among others, that he was questioned by law enforcement outside the presence of counsel. The superior court overruled the objections.

The superior court ordered Hernandez's probation revoked. The superior court found the People had met their burden of proving, by a preponderance of the evidence, that Hernandez violated conditions 4, 7, and 29. The superior court found Hernandez violated condition 4 by failing to cooperate in devising a rehabilitation plan based on

Pares's testimony "that he tried to contact the defendant on numerous occasions to devise some sort of a plan of rehabilitation, was unsuccessful in doing that, and I believe his exact words were, 'the defendant did not do his part.'" The court found Hernandez violated condition 7 because "there was a specific address given as to Mr. Hernandez's residence, and when house inspections were made, it was determined that address did not exist." Finally, the superior court found Hernandez violated condition 29 because "there's sufficient proof in this case, substantiation, that the SB-38 alcohol rehabilitation program proof of enrollment had not been provided." The superior court sentenced Hernandez to the midterm of two years.

The superior court found Hernandez did not fail to "[r]eport to the [p]rob[ation] officer in person immediately upon release from custody and thereafter once every fourteen (14) days or as directed," because "although Officer Pares did testify . . . there was evidence that Mr. Hernandez did report a day after sentencing, there was no further evidence that he was directed to do anything past that point." In addition, the superior court refused to consider as reasons for revoking probation Hernandez's admissions to Pares that he had been cited and released for disorderly conduct or that he had been drinking while on probation.

## II

## DISCUSSION

Hernandez contends "the probation officer violated [his] right to counsel under the Sixth Amendment to the U.S. Constitution" by "eliciting incriminating statements from

5

[him] without his counsel present." According to Hernandez, the trial court committed prejudicial error by admitting and relying on testimony as to incriminating statements Hernandez made during that interview. We disagree.

Even assuming the Sixth Amendment protections apply to probation revocation proceedings, any error in admitting Hernandez's statements was harmless beyond a reasonable doubt. (*Chapman v. California* (1967) 386 U.S. 18, 24; *People v. Harris* (1994) 9 Cal.4th 407, 431.) The *Chapman* test requires the People to prove beyond a reasonable doubt that the admission of Pares's testimony did not contribute to the conclusion that Hernandez had violated the conditions of his probation. (*People v. Elizalde* (2015) 61 Cal.4th 523, 542.) We conclude the People have met this burden.

The problem with Hernandez's argument is that his statements were not needed to establish he had violated the three conditions of probation which served as the basis for the superior court's decision to revoke probation. It is true Pares testified that Hernandez, while in custody, repeated the same false home address and admitted he had not enrolled in an SB-38 alcohol program or cooperated with his probation officer in coming up with a rehabilitation plan. And it is true the superior court admitted Hernandez's statements, over the objection of Hernandez's counsel, that doing so violated his Sixth Amendment rights. However, Hernandez's violations were clearly based on evidence already available to the probation officer prior to the interview.

Hernandez's statements were not needed to show he had provided a false home address to the probation office. Pares testified that Hernandez reported to the probation

6

office on March 4, 2014. Mellado testified she received a change of address form from Hernandez on March 5, 2015, which reported the same address the probation department had on file. Pares testified he visited that address on August 27 and September 12, 2014, and found an empty lot at the location. Moreover, there was no contrary evidence either that Hernandez had submitted a different address or that the address he submitted was, in fact, his residence. Thus, the superior court's finding that Hernandez violated the condition that he "[k]eep the probation officer informed of [his] place of residence and cohabitants" was supported by overwhelming evidence. Furthermore, in articulating the basis of its finding, the superior court found Hernandez violated condition 7 because "there was a specific address given as to Mr. Hernandez's residence, and when house inspections were made, it was determined that address did not exist." Hernandez's repetition of the misrepresentation about his address at the February 18 interview with Pares only corroborated the other evidence. The record therefore makes clear the superior court did not need to and in fact did not rely on Hernandez's February 18 statements to find he did not keep the probation officer informed of his place of residence.

Hernandez's statements were not needed to show he had not provided proof of enrollment in an SB-38 alcohol rehabilitation program to the probation office. The condition required him to provide such proof by April 3, 2014. Pares testified the parole office had received no such proof of enrollment by April 3 or thereafter. Moreover, there was no contrary evidence that Hernandez had submitted proof he had enrolled in a

7

rehabilitation program. Thus, the superior court's finding that Hernandez violated the condition that he "[r]egister for SB-38 alcohol rehabilitation program and submit proof of enrollment by 4/3/2014" was supported by overwhelming evidence. Again, in articulating the basis of its finding, the superior court found Hernandez violated condition 29 because "there's sufficient proof in this case, substantiation, that the SB-38 alcohol rehabilitation program proof of enrollment had not been provided." Hernandez's statement confirming he had not enrolled in the alcohol program merely provided the reason he had not submitted proof of enrollment. The record therefore makes clear the superior court did not need to and in fact did not rely on Hernandez's February 18 statement that he had not registered for the alcohol rehabilitation program to find he had not submitted proof of his enrollment.

Hernandez's February 18 statements were not needed to show he did not cooperate with his probation officer on a rehabilitation plan. Pares testified he tried to contact Hernandez by telephone on March 27, 2014. He testified that he left a message for Hernandez, but never received a return telephone call. He also testified that he went to Hernandez's putative place of residence on two occasions to try and make contact, but found Hernandez had provided a false address. Setting aside Pares's interview with Hernandez, the evidence is that Hernandez made no effort to cooperate with Pares on a plan of rehabilitation or otherwise. Instead, that evidence establishes Hernandez actively avoided cooperating by refusing to return Pares's telephone call and by supplying a false home address. Thus, the superior court's finding that Hernandez violated the condition

8

that he "[c]ooperate with the probation officer in a plan of rehabilitation" was supported by overwhelming evidence. Furthermore, in articulating the basis of its finding, the superior court found Hernandez violated condition 4 because based on Pares's testimony "that he tried to contact the defendant on numerous occasions to devise some sort of a plan of rehabilitation, was unsuccessful in doing that, and I believe his exact words were, 'the defendant did not do his part.'" Hernandez's statement that he did not know why he never contacted his probation officer for assistance only corroborated the other evidence. The record again makes clear the superior court did not need to and in fact did not rely on Hernandez's February 18 statement to reach its conclusion that he had not cooperated in creating a rehabilitation plan.

Finally, Hernandez contends his statements "that he had been cite released for disorderly conduct and did in fact consume alcohol" and "that he did not turn himself in after the cite release because he just assumed at that point that he would be arrested" are "incriminating in that they are admissions by [Hernandez] that he violated the terms and conditions of his probation."[3] However, the superior court specifically refused to consider statements related to Hernandez's cite and release as evidence that he had violated the conditions of his probation. Thus, there is no basis for concluding the introduction of those statements prejudiced Hernandez.

---

**3** It was a condition of Hernandez's probation that he "[n]either possess nor consume any alcoholic beverages," but the probation officer did not allege a violation of that condition as a basis for revoking his probation.

We conclude the People have established beyond a reasonable doubt that the superior court's allowing Pares's testimony about Hernandez's statements was harmless.

## III

## DISPOSITION

We affirm judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH

J.

We concur:

HOLLENHORST

Acting P. J.

MILLER

J.

10